# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PEDRO H. WEBSTER,<br>Inmate # X0153910,<br>    Plaintiff,<br><br>v.<br><br>JUDICIAL SYSTEM, SUPERIOR<br>COURT, DEKALB COUNTY,<br>    Defendant. | :: :: :: :: :: :: :: :: :: :: | CIVIL ACTION NO.<br>1:07-CV-0571-JEC<br><br><br><br>PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 29 2007

By: JAMES N. HATTEN, Clerk
Deputy Clerk

## ORDER AND OPINION

Plaintiff, currently confined at the DeKalb County Jail in Decatur, Georgia, has submitted the instant pro se civil rights action. [Doc. 1.] For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. [See Doc. 2.] The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

AO 72A
(Rev.8/82)

theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

Plaintiff sues herein the "judicial system" of DeKalb County. [Doc. 1 ¶ III.] He states that he is a "chronic care" outpatient at the Grady Health System, with multiple health problems, including recent colon cancer surgery, cervical arthritis, and "high blood pressure due to medical stress." [Id. ¶ IV.] He further states that he has been incarcerated at the DeKalb County Jail since January 20, 2007, on a charge of violating O.C.G.A. § 16-8-18 by entering an automobile with the intent to commit a theft. Because Plaintiff cannot afford the cash bond of $10,000 required for his pre-trial release, he asks this Court for "the relief of a medical reprieve." [Id. ¶ V.]

## III. Discussion

Although Plaintiff has styled this action as one brought pursuant to a federal civil rights statute, 42 U.S.C. § 1983, the relief he seeks herein, namely, release from incarceration, is only available via a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner . . . seeks . . . immediate release or a speedier release from [his] imprisonment, his sole federal remedy is a writ of habeas corpus"). A fundamental prerequisite for federal habeas relief is the exhaustion of state court remedies.

3

The codification of the exhaustion requirement prohibits a district court from granting habeas relief "unless it appears that" (1) the petitioner "has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Moreover, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (requiring "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Plaintiff has at least two means of challenging his current detention: (1) a petition for state habeas corpus relief, filed pursuant to O.C.G.A. § 9-14-1(a) (providing that "[a]ny person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint"); and (2) a petition for a writ of mandamus, filed pursuant to O.C.G.A. § 9-6-20 (providing that "[a]ll official duties should be faithfully performed; and whenever, from any

4

cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights").

Here, it is apparent from Plaintiff's complaint, signed and submitted on March 6, 2007, just forty-five days after his arrest, that he has not pursued either available state court remedy, at least not as far as "one complete round of the State's established appellate review process." See O'Sullivan, 526 U.S. at 845. Accordingly, Plaintiff's state court remedies are unexhausted, and it would serve no purpose to convert this action into one for federal habeas relief.[1]

---

[1] Moreover, to the extent that Plaintiff seeks mandamus relief in the form of an order compelling the Superior Court of DeKalb County to release him from custody, he may not proceed. "Mandamus is an extraordinary remedy and will not lie if other remedies are available." Lifestar Ambulance Serv. v. United States, 365 F.3d 1293, 1298 (11th Cir. 2004). Moreover, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).

5

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff's complaint is frivolous, and it is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 29 day of March, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)